WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorraine Monica Mann,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-20-02329-PHX-DJH<br><br>**ORDER** |

At issue is the denial of Plaintiff Lorraine Monica Mann's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 25). Along with its Response, Defendant filed a Motion to Remand this matter for a new hearing and decision based on harmful error in the Administrative Law Judge's ("ALJ") decision. (Doc. 26). Thereafter, Plaintiff filed a Reply Brief opposing remand and seeking to have this Court enter an immediate award of benefits. (Doc. 29). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 16), reverses the ALJ's decision (AR 13-27), and remands this matter for a new administrative hearing for the reasons addressed herein.

**I.    Background**

Plaintiff filed an Application for SSDI benefits on November 14, 2017, alleging a disability beginning on August 1, 2014. (AR 13). Plaintiff's claim was initially denied on February 2, 2018, and upon reconsideration on July 18, 2018. (*Id*.)  A hearing was held

before ALJ Pamela Fow Atchison on February 5, 2020. (*Id.* at 172-202). Plaintiff's Application was denied by the ALJ on April 20, 2020. (*Id.* at 27). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of fibromyalgia, degenerative disc disease, obesity, depressive disorder, anxiety disorder, asthma, carpal tunnel syndrome, and peripheral neuropathy. (AR 17). The ALJ found that Plaintiff could perform light work with a number of limitations. (*Id.* at 20). The ALJ found Plaintiff could not perform any of her past jobs, but that other jobs existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*)

Plaintiff argues the ALJ committed materially harmful error by rejecting the assessments of treating physician Rajesh Bhakta, M.D., nurse practitioner Danica Oparnica, A.N.P., and psychological consultative examiner Jonathan Shelton, Psy.D. (Doc. 25). Plaintiff also argues the ALJ erred in discussing her subjective symptom testimony. Plaintiff argues that her case should be remanded for an immediate award of benefits. (*Id.*) The Commissioner agrees that the ALJ committed material and harmful error and moves to remand this case for additional administrative proceedings to enable the ALJ to reevaluate the record evidence under the proper standards and issue a new decision. (Doc. 26).

As the parties agree to harmful error necessitating reversal, the Court will only consider the ultimate issue of whether this matter should be remanded for a new administrative hearing or for an award of benefits. The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.     Legal Standards**

Sentence four of 42 U.S.C. § 405(g), gives the district court the power to "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "The district court must first determine that the ALJ

made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), as amended (Feb. 5, 2016). Once it has been established that an ALJ's decision contains harmful error, the decision to remand a case for additional administrative proceedings is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for a new hearing. "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)). In deciding whether additional proceedings are warranted, the court should "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407. In order to remand without rehearing, "the district court must consider whether there are inconsistencies between the claimant's testimony and the medical evidence in the record, or whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled." *Id.* (internal citations omitted). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Id.*

For the Court to remand for award of benefits without rehearing, three additional conditions must be satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). This mechanism has been described as "a rare and

prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  And even where each condition is satisfied, the Court may still remand for further administrative proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.  "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." *Id.*

**III.   Analysis**

Plaintiff argues that the errors in the ALJ's opinion warrant remanding this case for an award of benefits because the vocational expert ("VE") testified that the limitations contained in the assessments of both Dr. Bhatka and Nurse Oparnica would preclude all work. (Doc. 29 at 4).  Defendant moves to remand this matter to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g) to enable the Commissioner to reevaluate the record evidence and issue a new decision.  (Doc. 26).

As an initial matter, the parties agree that the ALJ did not properly evaluate the medical opinions of Drs. Bhakta and Shelton and Nurse Oparnica under the new regulations.   (Docs. 25 & 26).   The Court agrees as the ALJ did not discuss the supportability of these opinions, as is required by the new regulations.  *See* 20 C.F.R. § 416.920c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability and consistency. We will articulate how we considered the medical opinions and prior administrative medical findings in your claim.").   Therefore, the Court finds that the ALJ erred as to the discussion of these medical opinions.[1]  As to the proper

---

[1] Plaintiff additionally argues that the ALJ erred in discussing her subjective symptom testimony.  As the Court has found error as to the evaluation of three of the medical opinions and is remanding the matter for a new administrative hearing and decision, the Court need not reach this issue as the ALJ will necessarily be required to reevaluate Plaintiff's symptom testimony in the new decision.  *See Montgold v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5002594, at *5 (D. Ariz. Oct. 28, 2021).

remedy, the Commissioner generally argues that the Court should not credit evidence as true other than in very narrow circumstances. While Plaintiff takes issue with this argument, the Commissioner also gives specific arguments as to why this case is not well-suited for a credit-as-true analysis, namely that the ALJ did not discuss the supportability of the medical opinions and, as the finder of fact, the ALJ should be given the opportunity to do so.

Notwithstanding the mischaracterizations that each party gives to the others' arguments, the Court finds that it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the correct standards and factors. *See Hill*, 698 F.3d at 1162. Importantly, as to the medical opinion evidence of Drs. Bhakta and Shelton and Nurse Oparnica, the parties agree that the ALJ failed to evaluate the supportability of the opinion, which is one of the two required factors for addressing medical opinion evidence. *See* 20 C.F.R. § 416.920c. These issues are best left to the ALJ as the designated finder of fact. The Court finds on this record, and with this number of errors admitted by Defendant as to three separate medical providers and examiners, that remand for a new administrative hearing and a new decision is in the best interest of all parties. Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate to hold a new hearing, reconsider the medical opinion evidence of record, and issue a new decision. On remand, the ALJ must determine whether the medical opinion evidence, when properly evaluated according to applicable regulatory standards and considering the required factors of supportability and consistency, establishes disability. Moreover, as the Court is ordering a new administrative hearing, the ALJ must reconsider the Plaintiff's symptom testimony and determine her residual functional capacity, if any, in accordance with the governing standards.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to

allow the Commissioner to further evaluate the medical opinion evidence, reevaluate Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions, and issue a new decision.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 3rd day of May, 2022.

Honorable Diane J. Humetewa
United States District Judge